Filed 4/22/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062075 |
| v. | (Super. Ct. No. 17WF0527) |
| NOE LEZAMA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed.

Rhonda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Alan Mann and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Noe Lezama, who was originally charged with murder and who later entered a plea to voluntary manslaughter in mid-2019, appeals from the trial court's summary denial of his petition for resentencing (Petition) under Penal Code section 1172.6.[1] He contends the trial court erred in concluding the timing and factual basis of his plea precluded him from being eligible for resentencing. We find no error. Express legislative history confirms the most reasonable interpretation of the relevant ambiguous statutory language is that persons who pled guilty to manslaughter after statutory amendments eliminated imputed malice theories of murder liability are not eligible for resentencing as a matter of law. Because defendant is such a person, we affirm the postjudgment order denying the Petition.

## FACTS

A 2017 felony complaint charged defendant and Alfredo Quiroz-Muniz with one count of murder (§ 187, subd. (a)) and one count of conspiracy to commit murder (§ 182, subd. (a)(1)). With respect to the murder charge, it alleged the two "unlawfully and with malice aforethought kill[ed] Frederick T., a human being." In connection with the conspiracy charge, it alleged the following overt acts: Quiroz-Muniz armed himself with a handgun; defendant and Quiroz-Muniz drove to a particular location; defendant stopped the vehicle; and Quiroz-Muniz exited the vehicle and shot the victim. The complaint also contained various firearm and gang related enhancement allegations, as well as prior conviction allegations involving Quiroz-Muniz. Following a preliminary hearing, prosecutors filed an information containing the same charges and allegations.

---

[1] All further statutory references are to the Penal Code. Defendant filed the Petition in April 2022 pursuant to former section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6.

In June 2019, the prosecution and defendant reached a plea agreement. The original information was amended by interlineation to add one count of voluntary manslaughter (§ 192, subd. (a)) and modify a criminal street gang enhancement (§ 186.22, subd. (b)(1)) to link to that count. Defendant pled guilty to voluntary manslaughter, admitted the gang enhancement, and requested immediate sentencing. The trial court sentenced him to the low term of three years on the manslaughter count, plus a consecutive 10 years for the gang enhancement, for a total prison sentence of 13 years. Thereafter, the court granted the prosecution's motion to dismiss the remaining charges.

In April 2022, defendant filed the Petition seeking resentencing pursuant to section 1176.2. He checked boxes associated with the following statements: (1) "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) "I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder"; and (3) "I could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019."

The trial court appointed counsel and the parties filed briefs. The People argued defendant was not eligible for resentencing as a matter of law because his guilty plea occurred after the Legislature amended the murder statutes via Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 1) (Senate Bill 1437). It reasoned that if defendant did not enter a guilty plea and the matter instead went to trial, prosecutors would not have been able to pursue a natural and probable consequences or other imputed malice theory. Thus, the plea was not a product of a potential imputed malice murder theory. Separately, the People argued written factual statements made by defendant in

conjunction with his plea evidenced he was not eligible for resentencing relief.

Defendant disagreed with both aspects of the People's position. He maintained he met all three eligibility requirements set forth in section 1172.6, subd. (a), and he asserted none of the statements made in conjunction with his plea negated his eligibility as a matter of law.

The trial court held a hearing and found defendant ineligible for resentencing. In a later issued written order, it explained the two bases for its conclusion. First, it construed the language of section 1172.6, subdivision (a)(2), "to reference petitioners convicted of manslaughter obtained via plea in lieu of a trial at which petitioner could have been convicted of murder based on a now invalidated theory of liability in which malice is imputed to an offender based solely on that person's participation in a crime." This did not include defendant because he pled guilty to manslaughter after such theories had been eliminated by Senate Bill 1437. Second, the court read the factual statement in defendant's guilty plea as an admission that he directly aided and abetted the murder.

Defendant timely appealed.

## DISCUSSION

Defendant asserts the court's summary denial of the Petition was error because he made the requisite prima facie showing to necessitate an evidentiary hearing. The statutory language and defendant's record of conviction lead us to conclude otherwise.

Senate Bill 1437, which took effect January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections

4

188 and 189, and adding what later became section 1172.6. Pursuant to the statutory amendments, eligible defendants who could not be convicted under the law as amended could apply for retroactive resentencing relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Based on language in the original enactment, some courts confronted with eligibility questions concluded resentencing was limited to those who had been convicted of murder. (See, e.g., *People v. Love* (Oct. 1, 2020) B302892, opn. ordered nonpub. Jan. 26, 2022; *People v. Dennis* (Apr. 14, 2020) G055930, opn. ordered nonpub. Jan. 5, 2022; *People v. Flores* (2020) 44 Cal.App.5th 985, 992-994; but see *People v. Medrano* (Dec. 3, 2019) F068714 & F069260, opn. ordered nonpub. Jan. 26, 2022 [concluding Senate Bill 1437 eliminated natural and probable consequence theory in attempted murder context].) Defendants convicted of attempted murder or manslaughter were deemed by those courts to be ineligible. (See, e.g., *People v. Love, supra*, opn. ordered nonpub. Jan. 26, 2022; *People v. Lopez* (Aug. 21, 2019) B271516, opn. ordered nonpub. Nov. 10, 2021; *People v. Flores,* at p. 997.)

Before the issue could be resolved by the Supreme Court, the Legislature acted. Believing the attempted murder or manslaughter eligibility determinations being made by courts to be contrary to legislative intent and the purpose behind the statutory amendments, the Legislature passed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775). (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended May 20, 2021, p. 5 (Sen. Floor 3d Reading Analysis).) Effective January 1, 2022, it made amendments to, inter alia, "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

The amended statute specifies, in relevant part, that a person convicted of manslaughter may file a resentencing petition to have their "conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]  [¶]  (2) [t]he petitioner was convicted of . . . manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;]  [¶]  (3) [t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Beginning with the last of the three criteria, we find the statutory language to be ambiguous.  The notion that someone could not presently be convicted of murder or attempted murder because of changes made by Senate Bill 1437 implies that at one point in time the circumstances were different.  But the statute does not specify the temporal point of contrast.  On one hand, and consistent with defendant's position, it could be the time of filing of an information charging murder which left open the possibility the prosecution could employ an imputed malice theory.  On the other hand, and consistent with the Attorney General's position, it could be the time of the trial or plea which resulted in the conviction.

With at least these two reasonable interpretations of the statutory language, we must look beyond the words to determine the Legislature's intent.  (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340.)  We turn to extrinsic aids such as "the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, . . . and the statutory scheme of which the statute is a part."  (*Ibid*.)  "Ultimately[,] we choose the construction that comports most closely with the apparent intent of the

6

lawmakers, with a view to promoting rather than defeating the general purpose of the statute." (*Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227.)

Statements in a variety of California Senate and Assembly reports are illuminating. A Senate Committee on Public Safety report summarizing the purposes of Senate Bill 775 states the statutory revisions clarify "that a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine[] [may] apply to have their sentence vacated and be resentenced." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended Feb. 19, 2021, p. 3; accord, Sen. Floor 3d Reading Analysis, *supra*, p. 3 [same].) It also explains the impetus behind the legislation and elaborates on the impact it would have: "[Senate Bill] 1437 (Skinner) has left California in a peculiar situation. While it may seem obvious that persons who have pled or been convicted of manslaughter or attempted murder at trial under a felony murder or natural and probable consequences theory should be entitled to the same relief as persons convicted of more serious offenses of first and second degree murder some courts have ruled that they are not. This bill seeks to clarify that obvious inequity in the law. If this bill passes, people who are serving a sentence of manslaughter or attempted murder that were prosecuted under a felony murder theory or a natural and probable consequences theory will be able to have their sentences recalled under the same standards as people who have been convicted of first and second-degree murder." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended Feb. 19, 2021, p. 7; accord, Sen. Floor 3d Reading Analysis, *supra*, p. 5.)

A Senate Appropriations Committee report echoes a similar purpose: "This bill would allow a person . . . who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine to apply to have their sentence vacated and be resentenced if, among other things, the complaint, information, or indictment was filed to

7

allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine." (Sen. Com. on Appropriations, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess) as amended Feb. 19, 2021, p. 3.)

Perhaps most informative to the construction of the "because of changes" language in section 1172.6, subdivision (a)(3), is a passage in an Assembly Committee on Public Safety report. After quoting the then-proposed statutory language, which was identical to the later adopted language, the report continued: "In other words, for resentencing to be granted, it would have to be established that the petitioner could not have been convicted of murder or attempted murder under the law as it reads after January 1, 2019. Changes made by [Senate Bill] 1437 to Penal Code sections 188 and 189 regard the liability of certain accomplices under first degree felony murder, the application of the natural and probable consequences doctrine, and, likely, conviction of second degree felony murder. Therefore, relief would be granted if the only way to have convicted the petitioner was through first degree felony murder, the natural and probable consequences doctrine, or, likely, second degree felony murder as they existed prior to January 1, 2019. . . . Or, as this bill would clarify in a catchall provision, relief would be granted if the only way to have convicted the petitioner was under any other theory in which malice was imputed to them based solely on their participation in a crime." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended July 6, 2021, p. 7.)

These consistent statements of legislative intent reveal the Legislature's aim in the manslaughter context was to make relief available to defendants who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice. Thus, in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction — i.e.,

8

the time the plea was entered — the only way to a murder conviction was through an imputed malice theory.  As a matter of law, this cannot be true for a person, like defendant, who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated.[2]  Accordingly, the trial court did not err in summarily denying the Petition.

**DISPOSITION**

The postjudgment order is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

---

[2] Our conclusion obviates the need to address defendant's contentions concerning the trial court's and the Attorney General's alternative ground for ineligibility — the factual basis for defendant's plea.

9